AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Lessor
TOYOTA MOTOR CREDIT CORPORATION

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

In re

MELISSA CARIN MATHER BOBKA,

Debtor.

Case No.: 16-05437-LT

Chapter 7

**DECLARATION OF CHERYL NISHIMURA IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE FILED BY LESSOR TOYOTA MOTOR CREDIT CORPORATION**

Date: June 8, 2017
Time: 10:00 a.m.
Location: 325 West F Street
Courtroom 129 (Dept. No. 3)
San Diego, California 92101
Judge: Honorable Laura B. Taylor

I, CHERYL NISHIMURA, hereby declare and state as follows:

1. I am employed by Lessor Toyota Motor Credit Corporation ("Toyota") as a Senior Bankruptcy Analyst. In that capacity, I am familiar with the procedures by which the records, letters and memoranda contained in Toyota's files are prepared and maintained. Toyota's records, letters and memoranda referenced herein or attached hereto were made either

Case 16-05437-LT7 Filed 05/25/17 Entered 05/25/17 15:11:51 Doc 29-1 Pg. 2 of 6

by persons with knowledge of the matters they record or from information supplied by persons with such knowledge, and are made at or about the time of the event recorded. It is Toyota's practice to maintain records, letters and memoranda in the regular course of its business. The documents contained and referenced in this declaration are business records that are prepared, produced and maintained in this above described manner. I have reviewed the documents referenced in this declaration. I make this declaration in support of Toyota's Response to Order to Show Cause (the "Response") filed in the above-captioned case. Except as otherwise specifically stated in this Declaration, the facts set forth herein are based on personal knowledge obtained from my review of Toyota's files and records relating to debtor Melissa Carin Mather Bobka ("Debtor"), and if called as a witness, I could and would be competent to testify to these facts.

2. On or about August 12, 2014, Debtor entered into a lease agreement (the "Lease") with Toyota with respect to a 2014 Toyota RAV 4, VIN 2T3WFREV8EW109536 (the "Vehicle"). A true and correct copy of the Lease is attached hereto as **Exhibit A**.

3. Since August 31, 2016 (the "Petition Date"), Debtor has made the following post-petition payments to Toyota on account of the Lease:

| Payment Date | Amount Due | Payment Amount |
|---|---|---|
| 09/12/2016 | $432.51 | $432.51 |
| 10/12/2016 | $432.51 | $432.51 |
| 11/12/2016 | $432.51 | $0.00 |
| 12/12/2016 | $432.51 | $0.00 |

4. On or about December 5, 2016, Debtor provided Toyota, through its business partner National Bankruptcy Services, LLC, an executed copy of the Assumption Lease Agreement dated September 16, 2016 (the "Assumption Agreement"). A true and correct copy of the Assumption Agreement is attached hereto as **Exhibit B**. The Assumption Agreement specifically provided that "[t]he terms of or the original Contract or informal agreement, if applicable, will remain as previously agreed upon." Further, the agreement provided "[e]xecution and return of this document will be considered an assumption of the lease, and

CASE NO. 16-05437-LT

- 2 -

DECLARATION OF CHERYL NISHIMURA IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE FILED BY LESSOR TOYOTA MOTOR CREDIT CORPORATION

Case 16-05437-LT7 Filed 05/25/17 Entered 05/25/17 15:11:51 Doc 29-1 Pg. 3 of 6

therefore all the original contract's obligations, pursuant to § 365 of the Bankruptcy Code."

5. After execution of the Assumption Agreement, Toyota has not received any payments from Debtor on account of the Lease.

6. As of the date of this declaration, the current balance on the Lease is $3,843.57, which includes outstanding lease payments, late fees, lease termination fee, and other fees and changes which are authorized by the terms of the Lease.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of May, 2017 at Torrance, California.

By: [signature]
Cheryl Nishimura

- 3 -

CASE NO. 16-05437-LT

DECLARATION OF CHERYL NISHIMURA IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE FILED BY LESSOR TOYOTA MOTOR CREDIT CORPORATION

# CLOSED END MOTOR VEHICLE LEASE AGREEMENT CALIFORNIA

TOYOTA

1 Parties Deal #379354, Stock #1000711 [illegible]

Lease Date 08/12/14

| Lessor (Dealer) Name and Address | Lessee and Co-Lessee Name and Lessee's Billing Address | Vehicle Garaging Address If Different Than Lessee's Billing Address |
|---|---|---|
| TOYOTA OF ESCONDIDO<br>231 LINCOLN PARKWAY<br>ESCONDIDO, CA 92026<br>Phone Number [illegible] | MELISSA C ROMEA<br>1501 W RORDEN RD<br>SAN MARCOS, CA 92069<br>County SAN DIEGO | N/A<br>AUG 20 2014<br>County |

[illegible]

2 Description of Leased Vehicle, Trade-In Vehicle and Trade-In Agreements

| New, Used or Demo | Year | Make | Model | Body Style | Vehicle Identification No and License Plate No | Odometer Mileage |
|---|---|---|---|---|---|---|
| NEW | 2014 | TOYOTA RAV4 | | UT | [illegible] | 12 |

Primary Use: Personal, Family or Household / Business, Agricultural or Commercial

2012 FORD FLEX # N/A

The above Vehicle or Property is being traded in today. The Agreed Upon Value of the Vehicle or Property is $ 23600.00 [illegible]

N/A

## FEDERAL CONSUMER LEASING ACT SEGREGATED DISCLOSURES

| 3 Amount Due at Lease Signing or Delivery | 4 Monthly Payments | 5 Other Charges (not part of your Monthly Payment) | 6 Total of Payments |
|---|---|---|---|
| $ 1875.00 | Your first Monthly Payment of $ 432.31 is due on 08/12/14, followed by 35 payments of $ 432.31 due on the 12th of each month. The total of your Monthly Payments is $ 15570.36 | Disposition fee (if you do not purchase the Vehicle) $ 350.00<br>Total $ 350.00 | $ [illegible] |

### Itemization of Amount Due at Lease Signing or Delivery

| 7 Amount Due at Lease Signing or Delivery | |
|---|---|
| a Capitalized Cost Reduction | $ 972.56 |
| b First Monthly Payment | $ 432.31 |
| c Refundable Security Deposit | $ N/A |
| d Title, Registration and License Fees | $ 368.00 |
| e Tax on Capitalized Cost Reduction | $ 77.80 |
| f Document Processing Charge | $ 80.00 |
| g Acquisition Fee | $ N/A |
| h California Tire Fee | $ 8.75 |
| i DMV Electronic Filing Charge | $ 29.00 |
| j TAX ON DOC CHARGE | $ 6.40 |
| k N/A | $ N/A |
| l N/A | $ N/A |
| m Total | $ 1875.00 |

| 8 How the Amount Due at Lease Signing or Delivery will be Paid | |
|---|---|
| a Net Trade-In Allowance | $ N/A |
| b Rebates and Noncash Credits | $ 125.00 |
| c Amount to be Paid in Cash | $ 1750.00 |
| d Total | $ 1875.00 |

### 9 Your Monthly Payment is determined as shown below

| | |
|---|---|
| a Gross Capitalized Cost. The Agreed Upon Value of the vehicle ($ 26000.00) and any items you pay over the Lease Term [illegible] | $ 31172.81 |
| b Capitalized Cost Reduction [illegible] | - $ 972.54 |
| c Adjusted Capitalized Cost. The amount used in calculating your Base Monthly Payment | = $ 30200.27 |
| d Residual Value. The value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment | - $ 15800.00 |
| e Depreciation and any Amortized Amounts [illegible] | = $ 14400.27 |
| f Rent Charge [illegible] | + $ 16.65 |
| g Total of Base Monthly Payments [illegible] | = $ [illegible] |
| h Lease Payments. The number of payments in your Lease | 36 |
| i Base Monthly Payment | = $ [illegible] |
| j Monthly Sales/Use Tax | + $ 32.04 |
| k N/A | + $ N/A |
| l Total Monthly Payment ("Monthly Payment") | = $ [illegible] |

Early Termination. You may have to pay a substantial charge if you end this Lease early. [illegible]

10 Excessive Wear and Use. [illegible] 45000 [illegible] at the rate of 0.15 per mile

11 Purchase Option at End of Lease Term. You have an option to purchase the Vehicle at the end of the Lease Term for $ 15800.00

12 Other Important Terms. See your Lease documents for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance and any security interest, if applicable.

### Gross Capitalized Cost Itemization and Other Items

13 Itemization of Gross Capitalized Cost

| | |
|---|---|
| a1 Agreed Upon Value of the Vehicle as equipped at time of signing the Lease | $ 26000.00 |
| a2 Agreed Upon Value of each accessory and item of optional equipment [illegible] N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| a3 Total Agreed Upon Value of the Vehicle | 26000.00 |
| b Taxes | N/A |
| c Initial Title, License and Registration Fees | N/A |
| d Service Contract | N/A |
| e Maintenance Agreement | 420.00 |
| f Credit Life Insurance Premium | N/A |
| g Credit Disability Insurance Premium | N/A |
| h Guaranteed Automobile Protection | 695.00 |
| i Excess Wear and Use Protection Plan | N/A |
| j Outstanding Prior Credit or Lease Balance | 3407.81 |
| k Document Processing Charge | N/A |
| l Acquisition Fee | N/A |
| m California Tire Fee | 650.00 |
| n DMV Electronic Filing Charge | N/A |
| o N/A | N/A |
| p N/A | N/A |
| q Gross Capitalized Cost | 31172.81 |

14 Lease Term and Scheduled Maturity Date. The Lease Term is 36 months and the Scheduled Maturity Date of the Lease is 08/11/2017

15 Required Insurance. [illegible]
a) $ 15,000 [illegible]
$ 30,000 [illegible]
$ 5,000 [illegible]

AUTO CLUB OF SO CAL [illegible]
CA [illegible] (800) [illegible]

16 Estimated Official Fees and Taxes $1318.33 [illegible]

17 Warranty [illegible]

YOU ARE LEASING THIS VEHICLE "AS IS." WE MAKE NO WARRANTIES AS TO THE VEHICLE'S CONDITION, MERCHANTABILITY, SUITABILITY, OR FITNESS FOR A PARTICULAR PURPOSE.

18 Optional Insurance and Other Products [illegible]

GAP LIABILITY NOTICE. [illegible]

Optional Credit Life Insurance N/A

Optional Credit Disability Insurance N/A

Optional Service Contract N/A

Optional Guaranteed Automobile Protection (see Section 33) $ 695.00

Optional Maintenance Agreement TOYOTA [illegible] $ 420.00

Optional Excess Wear and Use Protection Plan N/A

Total Premiums and Charges $ 1115.00

19 Complete Agreement or Modification [illegible]

20 Agreement to Arbitrate [illegible]

### Lease Signatures and Notices

THERE IS NO COOLING OFF PERIOD [illegible]

[illegible]

You acknowledge that you have received a completely filled-in copy of this Lease.

Lessee Signature [signature] Co-Lessee Signature N/A

Notice Regarding Assignment. [illegible]

Lessor [illegible] By [signature] Manager Title 08/12/14 Date

PREVIOUS EDITIONS MAY NOT BE USED

TMCC COPY

EXHIBIT A

## YOUR OBLIGATIONS DURING THIS LEASE

[illegible]

## ENDING YOUR LEASE

[illegible]

## ADDITIONAL INFORMATION

[illegible]

## ARBITRATION

[illegible]

## CALIFORNIA CREDIT DISABILITY INSURANCE CLAIM PROCEDURE NOTICE

If you have applied for and received Optional Credit Disability Insurance (Section 18), and become disabled, tell us right away. We will tell you where to get claim forms. Send in the completed form to the Insurance Provider as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment, WE CANNOT TRY TO COLLECT WHAT YOU OWE OR REPOSSESS THE VEHICLE UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect or repossess the vehicle if you have money due and owing us or are otherwise in default when your disability claim is made or if a senior lien holder is foreclosing.

If the insurance company pays the claim within three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months as a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will be able to take action to collect or foreclose or repossess any collateral you may have given.

California [illegible]

EXHIBIT A

9/16/2016 1:08:09 PM From: To: 760-720-6082( 1/1 )

# National Bankruptcy Services, LLC

14841 Dallas Parkway, Suite 300 • Dallas, Texas 75254 • (972) 643-6600 • (972) 643-6698 (Fax)

September 16, 2016

Christopher R. Bush
Doan Law Firm
1930 S Coast Hwy Ste 206
Oceanside, Ca 92054-6466

SENT VIA:
☐ E-MAIL chrisb@doanlaw.com
☐ Facsimile 760-720-6082

RE:

| | |
|---|---|
| Creditor | Toyota Motor Credit Corporation |
| Debtor(s): | Melissa Carin Mather Bobka |
| Case No.: | 16-05437-LT7 |
| Lease No.: | V397 |
| Our File No. | 3514-N-9397 |
| Collateral: | 2014 TOYOTA RAV4, VIN: 2T3WFREV8EW109536 |

**ASSUMPTION OF LEASE**

Dear Christopher R. Bush:

Please confirm the following:

We would like to extend the offer of a Lease Assumption to your client(s). The terms or the original Contract or informal agreement, if applicable, will remain as previously agreed upon.

We have received notice of your client's desire to assume the lease Under 11 USC § 365(p)(2)(A). Please evidence the assumption of lease by executing the letter in the space provided below, or by obtaining your client(s) signature where indicated. We ask that you return this document to us via facsimile or email with an original following in the mail. Execution and return of this document will be considered an assumption of the lease, and therefore all the original contract's obligations, pursuant to §365 of the Bankruptcy Code.

If you have any questions or concerns, please do not hesitate to contact us at the number provided below.

Very truly yours,

James Parmley
Administrative Assistant
National Bankruptcy Services, LLC
Phone: (214) 860-6966
Fax: (972) 643-6698
E-mail: jparmley@nbsdefaultservices.com

Christopher R. Bush
Attorney for Debtors

Date

[signature]
Melissa Carin Mather Bobka
Debtor

12/5/16
Date

Under 11 USC § 365(p)(2)(B)

3514-N-9397

EXHIBIT B